United States District Court
Southern District of Texas
**ENTERED**
February 21, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Robyn Prangner, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action H-21-3406 |
| | § | |
| EK Real Estate Services of NY, | § | |
| LLC, et al., | § | |
| Defendants | § | |
| Tara Grogan, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action H-21-3618 |
| | § | |
| EK Real Estate Services of NY, | § | |
| LLC, et al., | § | |
| Defendants | § | |
| Leroy Nelson, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action H-21-3707 |
| | § | |
| EK Real Estate Services of NY, | § | |
| LLC, et al., | § | |
| Defendants | § | |
| Trenice M. Reed, et al. | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action H-21-3713 |
| | § | |
| EK Real Estate Services of NY, | § | |
| LLC, et al., | § | |
| Defendants | § | |

| | | |
|---|---|---|
| Katherine Plemmons,<br>        Plaintiff | § <br> § <br> § | |
| v. | § <br> § | Civil Action H-21-4116 |
| EK Real Estate Services of NY,<br>LLC, et al.,<br>        Defendants | § <br> § <br> § | |
| James Whitmore, et al.<br>        Plaintiffs | § <br> § <br> § | |
| v. | § <br> § | Civil Action H-22-371 |
| EK Real Estate Services of NY,<br>LLC, et al.,<br>        Defendants | § <br> § <br> § | |
| Geneva Shapiro,<br>        Plaintiff | § <br> § <br> § | |
| v. | § <br> § | Civil Action H-22-558 |
| EK Real Estate Services of NY,<br>LLC, et al.,<br>        Defendants | § <br> § <br> § | |
| Adra Maxwell-Flowers, et al.,<br>        Plaintiffs | § <br> § <br> § | |
| v. | § <br> § | Civil Action H-22-994 |
| EK Real Estate Services of NY,<br>LLC, et al.,<br>        Defendants | § <br> § <br> § | |

| | | |
|---|---|---|
| Lisa Albarado,<br>    Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action H-22-1229 |
| | § | |
| EK Real Estate Services of NY,<br>LLC, et al., | § | |
| | § | |
|     Defendants | § | |
| Charles Rogholt,<br>    Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action H-22-1233 |
| | § | |
| EK Real Estate Services of NY,<br>LLC, et al., | § | |
| | § | |
|     Defendants | § | |
| Olufisayo Jejelowo,<br>    Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action H-22-1414 |
| | § | |
| EasyKnock, Inc., et al., | § | |
|     Defendants | § | |
| Antoinette Shell,<br>    Plaintiffs | § | |
| | § | |
| | § | |
| v. | § | Civil Action H-22-1464 |
| | § | |
| EasyKnock, Inc., et al., | § | |
|     Defendants | § | |
| Jimmy Davis,<br>    Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action H-22-1468 |
| | § | |
| EK Real Estate Services of NY,<br>LLC, et al., | § | |
| | § | |
|     Defendants | § | |

| | |
|---|---|
| Jose Reyes, et al., §<br>    Plaintiffs §<br>§<br>v. §<br>§<br>EK Real Estate Services of NY, §<br>LLC, et al., §<br>    Defendants § | Civil Action H-22-1469 |

# MEMORANDUM AND ORDER[1]

Pending before the court in the above fourteen cases are the defendants' motions to compel arbitration. *See* Appendix (listing pending motions by case name, case number, and motion docket number). EK Real Estate Services of NY, LLC, and EasyKnock, Inc., (collectively, EasyKnock Defendants) are defendants in all fourteen cases. LendingOne, LLC, is an additional defendant in twelve cases; Center

---

[1] Under 28 U.S. § 636(b), a district judge may designate a magistrate judge to hear dispositive or nondispositive matters. If the matter is dispositive of a claim, party, or defense, the magistrate judge must issue a report and recommendation, which the district judge reviews *de novo*. 28 U.S.C. § 636(b). If the matter is non-dispositive, the magistrate judge issues an order, objections to which are reviewed under the clearly erroneous or contrary to law standard. *Id.*

    The Fifth Circuit has not decided the issue whether motions to compel arbitration are dispositive or nondispositive under 28 U.S.C. § 636(b). The First and Third Circuits have decided the issue, finding that motions to compel arbitration are nondispositive. *See Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133–34 (3d Cir. 2014); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010). Relying on these First and Third Circuit decisions, two district courts in the Southern District of Texas also have decided that motions to compel arbitration are nondispositive. *See Glob. Indus. Contractors, LLC v. Red Eagle Pipeline, LLC*, No. 4:22-cv-00257, 2022 WL 18403019, at *1–2 (S.D. Tex. June 21, 2022) (providing a thorough discussion and concluding, "Because a motion to compel arbitration neither resolves the merits of the dispute nor conclusively dispenses with the Court's jurisdiction, it is a non-dispositive matter that a magistrate judge can resolve."); *Adams v. Energy Transfer Partners*, Civil Action No. 2:16-CV-400, 2017 WL 2347425, at *1 (S.D. Tex. May 30, 2017) (agreeing with the First and Third Circuit decisions and other Texas district courts that motions to compel arbitration are non-dispositive). The undersigned agrees and resolves these motions on an order, not a report and recommendation.

Street Lending Fund IV SPE, LLC, (Center Street) is an additional defendant in the other two cases; and TVC Funding III, LLC, is named in one case with the EasyKnock Defendants and Center Street. The motions to compel arbitration are jointly filed by all defendants in each case. The court GRANTS IN PART and DENIES IN PART each of the motions to compel arbitration for the reasons discussed below.

Also pending before the court in all the above cases are Plaintiffs' objections to and motions to strike portions of Barry Feierstein's declaration. *See* Appendix. Because the motions concern evidence that impacts the resolution of the merits of the cases and because the court has not herein relied on any objected to part of the declaration, the court DENIES the objections to and motions to strike portions of the declaration without prejudice to refiling the same at the appropriate time following arbitration, if necessary.

In *Nelson v. EK Real Estate Services of NY, LLC*, No. 4:21-cv-3707, Center Street filed a motion to dismiss for failure to state a claim. ECF No. 53. Center Street generally argues that its only connection to Nelson's transaction with EK Real Estate Services of NY, LLC, was as a lender to EK Real Estate Services of NY, LLC; that it had no legal relationship with Nelson and owed no duties to Nelson; and that the lien affecting the property at issue was released on October 15, 2019. *See id.* at 2. Nelson argues that Center Street concedes its involvement in the EasyKnock

Defendants' "tortious scheme" and that it is derivatively liable for the underlying torts. ECF No. 54 at 1. On the court's review of the parties' briefs, disputes of material fact preclude ruling on the motion to dismiss at this time. Moreover, the arbitration outcome may impact Nelson's claim of derivative liability. The court defers ruling on the motion to dismiss pending the completion of arbitration.

The court finds that a stay on all remaining claims in the fourteen cases before this court is warranted. "[A] stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (quoting *Campeau Corp. v. May Dep't Stores Co.*, 723 F.Supp. 224 (S.D.N.Y. 1989)). Because not all the claims in any of the above cases are subject to arbitration, dismissal is not appropriate for any of the cases. *See id.* (stating that dismissal of a case is appropriate only when all claims are subject to arbitration). The remaining claims in these cases should be stayed because they are "inherently inseparable in any practical way" from the claims against the EK defendants. *See Chlarson v. EK Real Estate Services of NY, LLC*, 5-21-CV-01046-XR, 2022 WL 2392648, at *9 (W.D. Tex. July 1, 2022) (quoting *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002)). These cases thus will be

inactive during arbitration and will be administratively closed until arbitration is completed. *See id.* at \*9. (citing *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)).

### 1. Discussion

The cases subject to this order are part of a larger group of cases in which Plaintiffs entered a sale-leaseback transaction with EK Real Estate Services of NY, LLC, and now challenge the legality of those transactions. *See Sparrow v. EK Real Estate Services, NY, LLC*, No. 4:22-cv-00046-SDJ-CAN, ECF No. 53 at 5–6 (E.D. Tex. Feb. 9, 2023) (listing twenty-seven other such cases, including the fourteen addressed in this order, that have been filed in Texas federal district courts). In all the cases listed in *Sparrow*, the defendants have sought to compel arbitration. Many of the cases are administratively closed, either awaiting the outcome of arbitration or awaiting the outcome of other cases against the EasyKnock Defendants that are pending in Texas federal district courts. *See, e.g., Carter v. EK Real Estate Servs. of NY, LLC*, No. 3:22-cv-1860 (N.D. Tex.); *Smith v. EK Real Estate Servs. of NY, LLC*, No. 3:22-cv-418-C (N.D. Tex.); *Davis v. EK Real Estate Servs. of NY, LLC*, No. 3:21-cv-1593 (N.D. Tex.); *Sitzman v. EK Real Estate Servs. of NY, LLC*, No. 3:21-cv-2666-E, 2022 WL 17853214, at \*9 (N.D. Tex. Dec. 21, 2022); *Chlarson*, 2022 WL 2392648, at \*9. Importantly, no district court has denied a

motion to compel arbitration on the claims asserted against the EasyKnock Defendants in favor of proceeding on the merits in the court case.[2]

All the motions to compel arbitration in the cases before this court raise substantially identical issues, except that the latter half of the motions to have been filed raise one additional argument, which concerns whether the Truth in Lending Act (TILA), 15 U.S.C. § 1639c(e), precludes delegation of the issue of arbitrability to the arbitrator. Defendants' arguments are that the arbitration agreements in the leases at issue are valid; that the parties delegated all questions of arbitrability to the arbitrator including any issue arising under TILA; and that, even if the court were to decide the arbitrability issue, the cases still should be sent to arbitration. LendingOne, LLC, Center Street, and TVC Funding III, LLC, argue that their roles were only as the EK Defendants' lenders. In addition to the argument that TILA precludes delegation of arbitrability, Plaintiffs argue that the delegation provisions are unenforceable because they are procedurally and substantively unconscionable under Texas law, and that, for several of the Plaintiffs, the arbitration clauses and delegation provisions did not survive termination of their leases.

---

[2] In *Jackson v. EK Real Estate Servs. of NY, LLC*, No. 4:20-cv-3867 (S.D. Tex. Apr. 27, 2021), one of the earliest filed cases, the court initially denied the motion to compel arbitration without having the benefit of arguments on the application of the delegation clause. A month later, the court vacated its memorandum and opinion at the request of the parties in order to facilitate settlement.

The most recent district court opinion to address all the above arguments in essentially the same set of circumstances as the motions in the above cases is the thoroughly analyzed and persuasive decision in *Sparrow,* No. 4:22-cv-00046-SDJ-CAN, ECF No. 53. The *Sparrow* court first decided that a valid arbitration agreement existed between EK Real Estate Services of NY, LLC, and Plaintiffs and that the arbitration agreement survived termination of the lease. *Id.* at 11–16. The court then addressed whether any defendant in addition to EK Real Estate Services of NY, LLC, was entitled to enforce the arbitration agreement. *Id.* at 17–18. Finding that EK Real Estate Services of NY, LLC, a signatory to the agreement, and its only member, EasyKnock, Inc., were closely related, the court held that the doctrine of intertwined estoppel permitted EasyKnock, Inc., although a nonsignatory, to enforce the arbitration agreement. *Id.* at 17. The court found, on the other hand, that LendingOne, LLC,  who merely loaned EK Real Estate Services of NY, LLC, funds for the transaction, could not enforce the arbitration agreement. *Id.* at 17–18.

Because the agreement incorporated the American Arbitration Association's (AAA) rules, the *Sparrow* court found that the parties intended to delegate arbitrability to the arbitrator. *Sparrow,* No. 4:22-cv-00046-SDJ-CAN, ECF No. 53 at 18–19. The court also found that the plaintiff's unconscionability agreement was directed at the contract as a whole, not the delegation clause, and therefore was an issue for the arbitrator. *Id.* at 21. Similarly, the court found that, because an

9

arbitration agreement exists, whether TILA "prohibits arbitration . . . is a gateway question of arbitrability that the parties have agreed to delegate to the arbitrator." *Id.* at 24 (quoting *Sitzman*, 2022 WL 17853214, at *8).

The undersigned agrees with the *Sparrow* court on every part of the analysis. The facts, transaction documents, and circumstances before this court are virtually identical to those before the court in *Sparrow*. The parties entered into a Residential Real Estate Sales Agreement for Plaintiffs' real properties. *See, e.g.*, ECF No. 50-1 at 14. The parties signed that agreement. *See, e.g.*, ECF No. 50-1 at 28. The parties also entered into a Lease Agreement for the same property that was sold. *See, e.g.*, ECF No. 50-1 at 64. The parties signed it. *See, e.g.*, ECF No. 50-1 at 82. The Lease Agreement contained an arbitration clause requiring adherence to the AAA Rules. *See, e.g.*, ECF No. 50-1 at 79.

The *Sparrow* court compelled arbitration of the claims against signatory EK Real Estate Service of NY, LLC, and its closely related entity, EasyKnock, Inc. *Sparrow*, No. 4:22-cv-00046-SDJ-CAN, ECF No. 53 at 17, 25. The court found that no close relationship had been shown between EK Real Estate Service of NY, LLC, and nonsignatory LendingOne, LLC, which merely loaned EK Real Estate Service of NY, LLC, funds for the purchase of the property. *Id.* at 17–18. The court thus did not compel arbitration of the claims against LendingOne, LLC. *See id.* at 18. The court stayed the case under the Federal Arbitration Act, 9 U.S.C. § 3. *Id.* at 24–25

(quoting *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("[A] stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration.")).

In addition to *Sparrow*, multiple other federal courts faced with virtually identical facts, documents, and circumstances have ordered the plaintiffs to arbitrate their claims against the very same EasyKnock Defendants. *See, e.g., Smith*, No. 3:22-cv-0418-C (N.D. Tex. Feb. 6, 2023); *Sitzman*, 2022 WL 17853214, at *9; *Chlarson*, 2022 WL 2392648, at *9. The *Chlarson* court persuasively and thoroughly addressed nearly identical arguments with respect to virtually identical transactions as are now before the court. *See Chlarson*, 2022 WL 2392648, at *4–9. *Chlarson*, like *Sparrow*, found that the arbitration agreement was valid and that, by incorporating the AAA Rules, the parties "clearly and unmistakably vest[ed] the arbitrator with the responsibility to resolve issues of arbitrability." *Id.* at 7. As in *Sparrow*, the court did not compel arbitration of the claims against LendingOne, LLC, which was merely a lender, because it was neither a signatory to the agreement nor in a close relationship with the signatory—EK Real Estate Service of NY, LLC. *Id.* at 10–11.

*Chlarson* found unconvincing the plaintiff's arguments that the deed was void under Texas law; that TILA prohibits arbitration agreements involving mortgages

secured by a primary dwelling; that arbitration would be procedurally and substantively unconscionable; and that Texas public policy prohibits litigating a real property dispute outside the county where the property is located. *Chlarson*, 2022 WL 2392648, at *4, 7–8. Of note, the court explained that the court's task to determine the arbitration agreement's validity is "limited to contract formation." *Id.* at *7 (quoting *Edwards v. Doordash, Inc.*, 888 F.3d 738, 744 (5th Cir. 2018). The court further explained that the TILA argument applies "only to the enforceability of the parties' agreement to arbitrate the *merits* of [the] claims, not the enforceability of the parties' separate agreement to arbitrate the *arbitrability* of [the] claims[,]" the latter of which is an issue for the arbitrator to decide. *Id.* at *7 (quoting *Attix v. Carrington Mortg. Servs. LLC*, 35 F.4th 1284, 1293–94 (11th Cir. 2022); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (stating that a court may not override the parties' agreement to delegate the arbitrability question to an arbitrator)). The undersigned agrees with *Chlarson*. The court in *Chlarson* compelled arbitration of the plaintiff's claims against EasyKnock, stayed all claims asserted against all defendants, and administratively closed the case pending the completion of arbitration. *See id.* at *8–9.

Thanks to the excellent analysis in *Sparrow* and *Chlarson*, this court need not belabor the analysis of the same facts and arguments. The motions to compel arbitration are granted as to signatory EK Real Estate Service of NY, LLC, and the

12

closely related EasyKnock, Inc. Because LendingOne, LLC, Center Street Lending Fund IV SPE, LLC, and TVC Funding III, LLC, have not shown that they were parties to the arbitration agreement or had close relationships to signatory EK Real Estate Service of NY, LLC, the claims against those parties are not subject to arbitration and are stayed pending arbitration. *See Chlarson*, 2022 WL 1682237 at *8–9.

## 2. Conclusion

The court GRANTS IN PART and DENIES IN PART each of the motions to compel arbitration. *See* Appendix. The court DENIES Plaintiffs' objections to and motions to strike portions of the declaration of Barry Feierstein filed in each case without prejudice to refiling at an appropriate time later in the case. *See* Appendix. The motion to dismiss for failure to state a claim filed by Center Street Lending Fund IV SPE, LLC, in *Nelson v. EK Real Estate Servs. NY, LLC*, No. 4:21-3707, is stayed with the remainder of the cases.

These cases are STAYED and administratively CLOSED pending arbitration.

Signed at Houston, Texas, on February 21, 2023.

_____
Peter Bray
United States Magistrate Judge

13

# APPENDIX

## _Motions to Compel Arbitration_

Prangner v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3406, ECF No. 49

Grogan v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3618, ECF No. 48

Nelson v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3707, ECF No. 57

Reed, et al., v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3713, ECF No. 54

Plemmons v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-4116, ECF No. 40

Whitmore, et al., v. EasyKnock, Inc., et al., 4:22-cv-371, ECF No. 30

Shaprio v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-558, ECF No. 32

Maxwell-Flowers, et al., v. EasyKnock, Inc., et al., 4:22-cv-994, ECF No. 23

Albarado v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1229, ECF No. 36

Rogholt v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1233, ECF No. 42

Jejelowo v. EasyKnock, Inc., et al., 4:22-cv-1414, ECF No. 28

Shell v. EasyKnock, Inc., et al., 4:22-cv-1464, ECF No. 27

Davis v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1468, ECF No. 26

Reyes, et al., v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1469, ECF No. 24

## _Motions to Strike_

Prangner v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3406, ECF No. 55

Grogan v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3618, ECF No. 54

Nelson v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3707, ECF No. 63

Reed, et al., v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-3713, ECF No. 60

Plemmons v. EK Real Estate Services of NY, LLC, et al., 4:21-cv-4116, ECF No. 46

Whitmore, et al., v. EasyKnock, Inc., et al., 4:22-cv-371, ECF No. 36

Shaprio v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-558, ECF No. 38

Maxwell-Flowers, et al., v. EasyKnock, Inc., et al., 4:22-cv-994, ECF No. 32

Albarado v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1229, ECF No. 44

Rogholt v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1233, ECF No. 49

Jejelowo v. EasyKnock, Inc., et al., 4:22-cv-1414, ECF No. 36

Shell v. EasyKnock, Inc., et al., 4:22-cv-1464, ECF No. 35

Davis v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1468, ECF No. 35

Reyes, et al., v. EK Real Estate Services of NY, LLC, et al., 4:22-cv-1469, ECF No. 33